Judgment reversed, new trial ordered, costs to appellant to abide event.

---

LOTTIE P. BILLINGHAM, Respondent, *v.* E. P. GLEASON MANUFAC- TURING COMPANY, Appellant.

*Scrip certificate issued by a corporation — when payment thereof may be enforced against the corporation — effect of the corporation having paid other scrip certificates.*

In 1875 a domestic manufacturing corporation passed a resolution providing for a regular cash dividend and for the creation of a surplus and that "scrip for amount of surplus be issued to stockholders in proportion to stock now held and subject to same conditions and payable at the pleasure of the company."

Pursuant to such resolution the following scrip certificate was issued to one Billingham, a stockholder:

"No. 67.                                                                $935.29.
                    "E. P. GLEASON MANUFACTURING CO.
  "This certifies that F. Billingham is entitled to Nine Hundred Thirty-Five 29/100 Dollars, Scrip Dividend, representing the undivided earnings on Certificate No.        of the E. P. Gleason Manufacturing Co. for the year 18—.
                                                                [SEAL.]
  "This dividend is payable at the pleasure of the Company, and in case of surrender of Certificate of stock on which it is issued, this Certificate is to be surrendered with it.
    "F. W. BELMONT, *Secretary.*            "E. P. GLEASON, *President.*"

A by-law of the corporation provided that employees, on retiring, would be required to return their stock and would receive the amount which they paid therefor and a proportion of dividends. After the death of Billingham, who was an employee of the corporation, his widow and sole legatee tendered the scrip dividend certificate to the company and demanded payment thereof and likewise tendered the stock which her husband held at the time of his death. The corporation having refused to pay the scrip dividend certificate, Billingham's widow brought an action to recover the amount thereof.

In such action it appeared that since 1881 the corporation had paid interest at the rate of four per cent per annum on the scrip dividend certificates; that it carried such scrip dividends on its books as a liability; that some of the stockholders were paid their scrip dividend certificates without their retirement from the employ of the company and without the surrender and payment of the capital stock held by them.

*Held,* that the plaintiff was entitled to recover;

That the scrip dividends, when declared, became a severed indebtedness of the company and that only the time for the payment thereof was postponed;

That the obligation to pay the scrip dividend being absolute, such payment was to be made within a reasonable time, notwithstanding the provision of the certificate that "This dividend is payable at the pleasure of the Company;"

That, in any event, the corporation by paying scrip dividend certificates similar to that issued to Billingham placed all of the certificate holders on the same plane and could not discriminate against the plaintiff.

McLAUGHLIN and LAUGHLIN, JJ., dissented.

APPEAL by the defendant, the E. P. Gleason Manufacturing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of June, 1904, upon the decision of the court rendered after a trial at the New York Special Term.

This action was brought by the widow and sole legatee under the will of one Francis Billingham, a stockholder and the holder of a stock dividend certificate issued by the defendant corporation.

*Roderick Robertson,* for the appellant.

*Oscar Wagner,* for the respondent.

PATTERSON, J.:

This cause was tried at the Special Term and a judgment was directed and entered for the plaintiff, from which the defendant appeals. The findings of fact made by the court, which are material to the disposition of the cause, are all supported by the evidence, and indeed do not seem to be disputed.

It appears that the defendant, E. P. Gleason Manufacturing Company, was a domestic corporation, and that one Francis Billingham was the owner of record and the proprietor of five shares of its capital stock, which he owned from January, 1872, until his death in September, 1902, and that the plaintiff is now the sole legatee and owner of those five shares. Connected with the shares was a scrip dividend (No. 67) issued by the defendant. In July, 1875, it was voted by the corporation to declare a dividend of thirty-five dollars per share *in cash and notes,* and that scrip for the amount of the surplus be issued to the stockholders in proportion to stock *then held by them and subject to the same conditions.* At a

meeting held on July 28, 1881, it was voted to pay four per cent interest yearly on scrip dividends then held by members of the company, semi-annual payments thereof to begin on December 30, 1881. At an annual meeting held in July, 1882, it was voted that profits be added to outstanding scrip, and that new scrip dividends be issued for the whole amount, with interest at four per cent to be paid semi-annually on January first and July first. At an annual meeting held in July, 1883, it was voted to pay one-half of a net balance outstanding in cash or notes with interest, and one-half in scrip dividend, and at a meeting held in July, 1884, a cash dividend of twelve dollars per share was voted. In July, 1890, the trustees were authorized to buy in any of the company's scrip offered for sale, and at a trustees' meeting held in February, 1892, five thousand dollars was appropriated to the reduction of the scrip dividend account. There was issued to Francis Billingham for and representing an accumulation of scrip dividends declared at all these annual meetings a certificate in the following words and figures, viz. :

"No. 67. $935.29.

"E. P. Gleason Manufacturing Co.

"This certifies that F. Billingham is entitled to Nine Hundred Thirty-Five 29/100 Dollars, Scrip Dividend, representing the undivided earnings on Certificate No. of the E. P. Gleason Manufacturing Co. for the year 18—. [seal.]

"This dividend is payable at the pleasure of the Company, and in case of surrender of Certificate of stock on which it is issued, this Certificate is to be surrendered with it.

"F. W. BELMONT, *Secretary.*

"E. P. GLEASON, *President.*"

Interest at the rate of four per cent on this certificate was regularly paid upon it and the outstanding scrip certificates of a like character. The scrip dividend account of which the certificate No. 67 formed a part was carried on the books of the defendant company as a liability, and was stated to be such in reports and affidavits made by the company to the tax authorities, and was set out as an item of the company's liabilities in the treasurer's report to the stockholders at the annual meeting held in February, 1903. Some

stockholders, who held scrip certificates of the same class and descrip-
tion as the certificate in suit, have been paid the amounts called for
by their certificates, and some have accepted two-thirds of the
amount called for by their particular certificates in payment thereof.
It is found by the court that the defendant was a close corporation,
its stock and scrip, with the exception of a very small part, being
owned and held by the trustees of the estate of E. P. Gleason, and
that the president and vice-president are trustees of said estate.
There was a by-law of the company which provided that employees,
etc., on retiring from the employment of the company (and Francis
Billingham was an employee) would be required to return the stock
held by them to the company, for which they would receive the
same amount which they paid for the stock, and a proportion of
dividends when the next dividend thereafter should be declared and
paid.   After the death of Mr. Billingham, the plaintiff tendered
said scrip dividend certificate No. 67 to the company, and demanded
payment thereof, which was refused, and likewise tendered with it
the five shares of stock held by her husband at the time of his death.
Some of the stockholders who were employees and relatives of Mr.
E. P. Gleason were paid their scrip dividend certificates similar in
every respect to the plaintiff's without their retirement from the
employ of the company and without the surrender and payment of
the capital stock held by them.   It is found as a fact that the year
date in the certificate No. 67 was left blank because the certificate
represented an accumulation, and not the dividend of any one year,
and that the omission therein of the number of the stock certificate
was an inadvertence.

The facts found by the court below have been stated in full in
order that the whole case may be presented compactly.   The con-
clusions of law arrived at by the learned judge at Special Term were
that the scrip dividend certificate No. 67, represented an accumula-
tion of scrip dividends declared at annual meetings of the stock-
holders; that it was within their power to make such dividends, and
this certificate was issued as evidence of a debt due Francis Billing-
ham from the defendant company; that the directors or trustees of
the defendant company ratified and adopted the declaration of scrip
dividends and the issue of the certificates therefor; that the plain-
tiff has title to the stock and the scrip dividend certificate; that the

condition expressed in the certificate, "This dividend is payable at the pleasure of the Company," rendered the dividend payable within a reasonable time, which time has expired; and that payment by the company to some of the stockholders of their scrip dividends of the same class and description as the plaintiff's, and a refusal to pay the plaintiff her scrip dividend, was an unlawful discrimination in the payment of dividends to stockholders; and it was adjudged that the plaintiff is entitled to judgment decreeing the amount of said scrip dividend certificate a valid obligation of the defendant, now presently payable, with the costs of the action.

Upon the facts as found it is established that the scrip dividend represented and was intended to constitute an indebtedness of the company to the holder of that certificate. The form of the certificate as well as its substance indicates an appropriation by the company of a proportion of undivided earnings to the holder of that certificate. That is to say, there was an appropriation of $935.29 of scrip dividend representing the undivided earnings on Billingham's certificate. That constituted an indebtedness of the company to Billingham. It was so much set apart and reserved for him as undivided earnings. His share was ascertained and his right to it was fixed. It was a divided share of past earnings, and, as we think, became a severed indebtedness of the company, for nothing is better understood than that a dividend when declared is a debt due absolutely to the stockholders. It was an obligation perfect and complete in its character, although payment was postponed to a future time. It was *debitum in præsenti solvendum in futuro.* The only answer to that conclusion would be that the certificate contains the statement that "This dividend is payable at the pleasure of the Company," and hence the argument is made that there was no dividend at all until the company should express its intention to pay. In view of the way in which these certificates have been treated by the company itself, that construction is inadmissible. What is referred to in the clause just quoted is the time of payment — not the obligation to pay. That clause cannot be construed as a nullification of the preceding one disclosing the existence of the liability. There were certain requirements, as appears by the findings of fact, necessary to be complied with before the certificate was paid, but the plaintiff offered to make such compliance.

The finding of the court below that the dividend was payable within a reasonable time, was, we think, correct, because of the absolute nature of the obligation; and whether that be so or not, it appears that a dividend was paid to other holders of certificates of a like character and class with that held by the plaintiff, and when the company elected to pay any holder it put all the holders on the same plane. It, therefore, cannot make a discrimination between holders of these certificates and favor one, while repudiating or ignoring the claim of another. In a few words, this certificate represented an obligation of the company to pay a certain sum of money, the time at which payment was to be made being left to the determination of the company itself. The obligation being absolute, the payment was to be made within a reasonable time, and the plaintiff waited a reasonable time before bringing this action. In addition to that, by paying similar certificates to the holders thereof the company made all the certificates payable, for it had no right of selection as to the payment of individual certificates.

The judgment, therefore, should be affirmed, with costs.

O'BRIEN and HATCH, JJ., concurred; McLAUGHLIN and LAUGHLIN, JJ., dissented.

McLAUGHLIN, J. (dissenting):

The defendant was incorporated in 1871 with an authorized capital stock of $25,000, represented by 1,000 shares of $25 each. This action is brought to recover $935.29, being the aggregate amount of various scrip dividends represented by one certificate issued between the years 1875 and 1884, and which is in the following form:

"No. 67. $935.29

"E. P. GLEASON MANUFACTURING Co.

"This certifies that F. Billingham is entitled to Nine Hundred Thirty-five 29/100 Dollars, Scrip Dividend, representing the undivided earnings on Certificate No. of the E. P. Gleason Manufacturing Co. for the year 18 . [SEAL]

"This dividend is payable at the pleasure of the Company, and in case of surrender of Certificate of stock on which it is issued, this Certificate is to be surrendered with it.

"F. W. BELMONT, *Secretary.*

"E. P. GLEASON, *President.*"

From the incorporation of the defendant until 1875 it paid cash dividends upon its capital stock, but in the month of July of the latter year, deeming it unwise to divide and pay to its respective stockholders all of its net earnings, it instead issued scrip dividends representing in part, at least, such net earnings, and from that time until 1884, when such undivided earnings amounted to $194,524.23, it ceased to issue such scrip. The scrip was issued in pursuance of a resolution passed on the 27th day of July, 1875, which provided for a regular cash dividend and for the creation of a surplus, and after declaring the cash dividend, the resolution provided that the " scrip for amount of surplus be issued to stockholders in proportion to stock now held and subject to same conditions and payable at the pleasure of the company."

The plaintiff is the sole legatee under the will of Francis Billingham, who, from the time of the incorporation of the defendant down to his death in 1902, held five shares of the capital stock of the company, during which time he was a director and as such took part in its management and acquiesced in the resolution referred to. After the passage of the resolution of 1875 nothing further appears to have been done with reference to the scrip issued in pursuance thereof until 1881, when, at the annual meeting held in that year, a resolution was passed by the stockholders instructing the treasurer of the company " to pay interest at the rate of 4 per cent per annum on the scrip dividends now held by members of this company. That the payments be semi-annual, commencing December 30th, 1881; that said payments be charged on the books of the company and also endorsed on the back of each certificate." No provision was made for the payment of interest on such scrip from 1875 until 1881, nor does there seem to have been any corporate act indicating, so far as it was concerned, any obligation to pay such interest. Upwards of ninety-five per cent of the capital stock of the company during this time, and in fact down to the date of the trial, was held by E. P. Gleason or his estate, and to have paid all of the scrip issued, purporting to represent the surplus, would, according to the uncontradicted testimony, have bankrupted the company. In confirmation of this proof evidently a statement was made at the trial, which was not contradicted, to the effect that the Gleason estate had offered to sell to the plaintiff any or all of the scrip which it held

for fifteen cents on the dollar, and an offer was then made to take ten cents on the dollar for it.

The corporation, acting through its board of directors, had the right to determine whether its net earnings should be divided among its stockholders in the form of a dividend, or whether stock or certificates with conditions attached should be issued representing the same. (*Williams* v. *Western Union Telegraph Co.*, 93 N. Y. 162.) The surplus or net earnings of the company, represented by the certificate sued on, was never actually divided and there never was any intent, so far as appears, on the part of the corporation to divide such surplus among its stockholders; on the contrary, such certificate was intended to be, in effect, and I think was nothing more nor less than a certificate of stock, and this intent is so clearly manifested by the resolution of 1875 that it seems unnecessary to resort to argument to show it. The company, it will be remembered, by that resolution provided for a cash dividend and also for the issuance of the scrip to stockholders " in proportion to stock now held and *subject to same conditions* and payable at the pleasure of the company." To give effect to the scrip in the manner done by the Special Term and approved in the prevailing opinion is to entirely eliminate from the resolution the words " subject to same conditions " and also to overlook or ignore the fact that a cash dividend was then declared and that the scrip was made subject to payment " at the pleasure of the company." Not only this, but the further fact must be overlooked that the corporation itself did not consider it a binding and enforcible obligation, as evidenced by the resolution in 1881, when it provided for the payment of four per cent interest on such scrip, making no provision whatever, if it were a binding obligation, for the payment of interest between 1875 and that year, and that the plaintiff's testator was then a director of the corporation, took part in its management and acquiesced in the passage of the resolution ; also, that the payment of all the scrip would have bankrupted the company.

It is true that in a few instances stockholders were paid in full for the scrip which had been issued to them, but this was in pursuance of a resolution which provided that when stock held by persons was surrendered, the scrip should be paid, or else by way of compromise. Such payment cannot affect in any way the rights of

the plaintiff.    They must be determined by the obligation which she holds, and this obligation, when construed in the light of the resolution under which it was issued, does not, as it seems to me, entitle her to recover.    The corporation has never, in fact, divided the surplus or net earnings represented by this certificate and directed a payment of the same to its respective stockholders.    All that has been done is to declare that the stockholders have an interest in such surplus according to their respective holdings, the legal effect of which is nothing more nor less than issuing certificates of stock for the same.

For these reasons I am unable to concur in the prevailing opinion. I think the judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

LAUGHLIN, J., concurred.

Judgment affirmed, with costs.